UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

KEVIN DALE EWING,
　　　　　*Defendant-Appellant.*

No. 02-4205

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Charles H. Haden II, Chief District Judge.
(CR-00-28)

Submitted: September 6, 2002

Decided: September 25, 2002

Before NIEMEYER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Mary Lou Newberger, Federal Public Defender, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Kevin Dale Ewing appeals his conviction of one count of being a
felon in possession of a firearm in violation of 18 U.S.C.
§§ 922(g)(1), 924(a)(2) (2000) and sentence to forty-six months in
prison and three years of supervised release. We affirm.

On appeal, Ewing's counsel filed a brief in accordance with *Anders
v. California*, 386 U.S. 738 (1967). In the *Anders* brief, Ewing's
counsel briefed three issues, all of which counsel ultimately con-
cluded were not meritorious: (1) whether the district court erred when
it denied Ewing's motion to suppress the evidence seized from his
residence; (2) whether the district court abused its discretion when it
refused to accept his proposed plea agreement; and (3) whether the
district court erred when it failed to apply a two-level reduction for
acceptance of responsibility. Ewing was informed of his right to file
a supplemental pro se brief but failed to do so.

We review the district court's factual findings underlying a motion
to suppress for clear error, and the district court's legal determinations
de novo. *See Ornelas v. United States*, 517 U.S. 690, 699 (1996);
*United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a
suppression motion has been denied, this Court reviews the evidence
in the light most favorable to the Government. *See United States v.
Seidman*, 156 F.3d 542, 547 (4th Cir. 1998). We have reviewed the
district court's denial of Ewing's motion to suppress the evidence
seized from the search of his residence and find no error.

The district court refused to allow Ewing to enter a conditional plea
that allowed him to appeal the denial of his motion to suppress state-
ments he made to police officers following the search of his resi-
dence. We ordinarily review the district court's decision to reject a
guilty plea for abuse of discretion. *Santobello v. New York*, 404 U.S.

257, 262 (1971). Because Ewing did not object to the alleged error below, however, we review for plain error. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993); *United States v. Martinez*, 277 F.3d 517, 524-27 (4th Cir. 2002). The district court is not required to accept a defendant's conditional plea of guilty. *United States v. Muldoon*, 931 F.2d 282, 288 (4th Cir. 1991); Fed. R. Crim. P. 11(a)(2). We have reviewed the record and find no plain error.

The district court refused to apply a two-level reduction for acceptance of responsibility under *U.S. Sentencing Guidelines Manual* § 3E1.1 (1998) because Ewing tested positive for marijuana use six times while on pretrial release. We review the failure to apply the reduction for clear error. *United States v. Cusack*, 901 F.2d 29, 31 (4th Cir. 1990). We find no clear error in the failure to apply the reduction.

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Ewing's conviction and sentence. We require that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*